[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10087
The plaintiff initiated this action for a dissolution of his marriage to defendant by a complaint dated September 8, 1993, returnable October 12, 1993. The complaint alleged that his marriage to defendant of May 4, 1974, had broken down irretrievably. Plaintiff claimed a dissolution, custody of the minor children, conveyance of defendant's interest in the family home and an equitable division of all property.
Defendant appeared by counsel on October 8, 1993 and filed an Answer and cross complaint. The Answer admitted all the allegations in plaintiff's complaint. The cross complaint made allegations corresponding to those of the plaintiff. The defendant's claim for relief was identical to plaintiff's.
Temporary orders dated November 10, 1993, provided for joint legal custody of the minor children. The plaintiff father was granted exclusive use of the family home. The court determined that the minor children should reside with the father and obligated the defendant mother to pay support in the amount of $110 per week.
The matter was claimed for the contested list by plaintiff on December 14, 1993, and the limited contested list on September 14, 1994, by defendant. Subsequently, on December 13, 1994, the defendant requested the matter be reassigned to the contested list.
In May of 1995, to determine custody, the court referred the issue of custody to the Family Relations Division for mediation. The parties mediated and agreed upon joint legal custody of the minor children with their primary residence with the father. The court incorporates the Family Relations Report into this memorandum by reference modifying the visitation provisions to provide that the parties will have alternate visitation on Christmas Eve and Christmas Day as well as other holidays specifically referenced in the mediation report.
On August 31, 1995, the court modified the child support order reducing it to $90 weekly to be paid by the mother, the noncustodial parent.
Hearings were held on September 19, 1995 and September 20, 1995. The issues of fault for the breakdown of the marriage and CT Page 10088 an equitable division of the parties' property were fully contested.
Custody and visitation were the subject of an agreement between the parties based on prior mediation by the Family Relations Division.
The court finds that the plaintiff has proved the allegations of his complaint. The plaintiff has satisfied the court by the requisite standard of proof that the cause of the breakdown of the marriage was a relationship which the defendant wife developed sometime in 1993 with a neighbor. The court finds that on August 28, 1993, the defendant advised the plaintiff that she was leaving him and the family because she thought she loved this man and no longer loved the plaintiff. Despite a request for reconciliation, defendant did not return and has lived apart from plaintiff since that date, currently maintaining a residence and cohabiting with this man who has recently divorced his wife.
During the course of the marriage, the defendant and plaintiff worked as partners in caring for each other and their family. Both worked and contributed their resources to the acquisition of a family home and other property. The court finds that this property should be distributed equitably between the parties but that the fault of the defendant which was the sole proximate cause of the breakdown of the marriage disqualifies defendant from any lump sum alimony award. The defendant is a healthy, competent young woman who has worked either full-time or part-time during her working years. She is forty-two years of age and is presently employed in a small business owned by her family. Her gross wages are $350 weekly. Her financial affidavit indicates she pays $75 weekly to her landlord with whom she cohabits.
The landlord is the same gentleman for whom the defendant professed her love when she left her husband and family.
Inasmuch as plaintiff has sustained his burden of proof, the court dissolves the marriage and hereinafter will consider the claims of the parties.
The court concludes plaintiff is not in need of periodic alimony at this time to achieve a suitable standard of living. In her claim for relief, the defendant requests one (1.00) dollar per year alimony for a period of seven (7) years with the term to CT Page 10089 be nonmodifiable. The court will award her one (1.00) dollar per year for a period of three (3) years with the term to be nonmodifiable but subject to termination by her death or remarriage.
In accordance with the parties' agreement, the court grants the parties joint legal custody of the two minor children, Steven F. Luca and Kevin J. Luca, both born on July 11, 1982. The principal residence of these minor children shall be at the plaintiff's residence, 178 Greenbriar Road, Meriden, Connecticut. The defendant is ordered to convey her right, title and interest in this property, 178 Greenbriar Road, Meriden, Connecticut, to the plaintiff in return for a promissory note in the sum of $21,500 representing one half of the agreed upon equity in this property payable in full with interest at the rate of 0.05 percent on the happening of the earliest of any of the following events:
a. June 11, 2000;
b. The death of the plaintiff;
c. the remarriage of the plaintiff; or
d. the sale or remortgaging of the property.
The note shall be secured by a mortgage on the property. Plaintiff shall execute and deliver to defendant a hold harmless agreement requiring him indemnify and hold harmless the defendant from liability on any existing mortgage or lien in existence against the property at 178 Greenbriar Road as of the date of the execution and delivery of plaintiff's note and mortgage.
The defendant is ordered to pay child support to the plaintiff for the two minor children of the parties in accordance with the statutory child support guidelines. The court therefore orders the defendant to pay to the plaintiff the sum of $96 per week or $48 per week per child effective as of the date of this order.
The plaintiff will provide medical, hospital and dental insurance for the minor children through his place of employment so long as he is employed and eligible for such benefits. The parties will divide equally and share equally the unpaid and unreimbursed medical, dental, hospital, psychiatric, CT Page 10090 psychological, pharmaceutical and ophthalmologic (including eyeglasses or contact lenses) charges for the minor children.
The plaintiff shall be entitled to any federal or state income tax exemptions resulting from the support of the minor children.
By way of a further equitable division of the parties' property, the court makes the following awards:
To the defendant:
a. A 1990 Mitsubishi Eclipse automobile;
b. All Dime Saving and Checking accounts in her name;
c. All Department 56 collectible items presently in her possession;
 d. A one-third (1/3) interest in the present value of the plaintiff's pension with his employer, United Technologies, based on the value of this pension as of August 28, 1993. Any and all increase in the future vested value of this pension resulting from the ongoing and future employment of plaintiff since August 28, 1993, shall accrue to plaintiff. Plaintiff is ordered to execute and deliver to defendant a QDRO in the sum of $4,083.33.
 e. A credit of $4000 against the Employee Savings Plan of plaintiff estimated to be $12,500 as of September 19, 1995. This credit plus a further credit of $565 based on a recalculation of defendant's support arrearage is to be credited against the joint obligations of the parties as of August 28, 1993, arising from Visa and Discover cards.
 Currently, these obligations total $6,846, $4,349 (Visa) $2,497 (Discover). Since August 28, 1993, plaintiff has paid a total of $6,133 against the balances as they existed on August 28, 1993. The total of payments made by plaintiff and the amounts presently due is:
 $ 6,846.00 6,133.00 -------- $12,979.00
creating an obligation of defendant of $1,924; i.e., CT Page 10091
 $ 6,489.00 less a credit of $4,565 — 4,565.00 --------
The plaintiff shall assume the obligation to pay these debts holding defendant harmless. In return defendant shall execute and deliver a note to plaintiff payable with interest at the rate of five 0.05 percent due and payable when the plaintiff's note and mortgages mature and/or becomes due according to its terms.
The court awards plaintiff his equitable share of the parties' property as follows:
a. A boat listed on his September 19, 1995 affidavit.
 b. All household goods, appliances, furniture and furnishings located at 178 Greenbriar Road, Meriden, CT.
c. All accounts in the East Hartford Aircraft Federal Union.
 d. His employee savings plan less a credit of $4000 to defendant as previously noted.
e. 1989 Plymouth Voyager automobile.
 f. His pension plan as modified by a QDRO in the sum of $4,083.33 assigning to defendant representing a one-third (1/3) interest in the present value of such plan based on its value as of August 28, 1993. Any and all increases in the future vested value of this pension resulting from the ongoing and future employment of plaintiff since August 28, 1993, shall become the sole property of plaintiff.
Plaintiff shall prepare a judgment file.
Dorsey, J. State Trial Referee